UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RONALD L. DAVIS,<br><br>    *Plaintiff,*<br><br>v.<br><br>RONALD PUGH, DIANA MCELHANEY,<br>TERRY DENNEY, ANDREW LEWIS, AND<br>JOHN DOE,<br><br>    *Defendants*. | No. 1:08-cv-21<br><br>*Chief Judge Curtis L. Collier* |

## MEMORANDUM

Ronald L. Davis, a prisoner housed at the Southeastern Tennessee State Regional Correctional Facility ("STSRCF") in Pikeville, Tennessee, has submitted this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* (Court File Nos. 3 & 1). Under 28 U.S.C. § 1915(g), however, a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has, on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The sole exception is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. §1915(g).

While incarcerated, Plaintiff, an experienced litigator, has had more than three prior civil rights actions dismissed as frivolous or for failure to state a claim for relief. *See Davis v. Bradley*, Civil Action No. 3:95-CV-448 (M.D. Tenn. May 2, 1995) (Order dismissing case as frivolous); *Davis v. Bradley*, Civil Action No. 3:94-CV-418 (M.D. Tenn. May 18, 1994) (Order dismissing case as frivolous); *Davis v. Morris*, Civil Action No. 1:93-CV-120 (M.D. Tenn. July 22, 1993) (Order

dismissing case as frivolous); *Davis v. Bell*, Civil Action No. 1:93-CV-8 (M.D. Tenn. August 18, 1993) (Order dismissing case as frivolous); *Davis v. Patterson*, Civil Action No. 1:93-CV-44 (M.D. Tenn. August 17, 1993) (Order dismissing case as frivolous); *Davis v. Harris*, Civil Action No. 1:92-CV-83 (M.D. Tenn. July 28, 1992) (Order dismissing case as frivolous); *Davis v. Crossnos*, Civil Action No. 1:92-CV-79 (M.D. Tenn. July 17, 1992) (Order dismissing case as frivolous); *Davis v. Roberts*, Civil Action No. 1:92-CV-18 (M.D. Tenn. March 30, 1992) (Order dismissing case as frivolous); *see also Davis v. Cook*, 248 F.3d 1147 (6th Cir. 2001) (unpublished table decision), *available at* 2001 WL 128320 (affirming district court's order dismissing § 1983 action pursuant to the three-dismissal rule).

The Court has reviewed the complaint and finds that, while the plaintiff claims to be in "'IMMINENT DANGER' to physical injury," (Court File No. 3, p. 6), he has not described any factual scenario to support his claim of physical endangerment but is, at best, alleging causes of action based upon supposedly inadequate access to court and the inmate grievance procedure; confiscation of his winter coat; and coding his name with an "X" on the inmate roster. Plaintiff's claims are virtually indecipherable and factually baseless.

Plaintiff claims he is denied meaningful access to court and cannot make use of the administrative grievance program. Although difficult to decipher, Plaintiff is apparently claiming Defendants confiscated legal documents he was preparing for another inmate. These claims neither support his allegations of denial of access to court and the inmate grievance procedure, nor do they amount to imminent danger of physical injury. Plaintiff's claims are merely conclusions without

any factual support.[1] Clearly Plaintiff's alleged denial of access to Court and the inmate grievance system do not result in imminent danger that may cause serious physical harm. Therefore, these claims are not excepted from the three strikes provision of 1915(g) and the Court declines to discuss them further.

Likewise, Plaintiff's claim that Defendant McElhaney confiscated his winter coat forcing him to be exposed to "bledsoe county winter weather without adequate clothing . . ." is insufficient to demonstrate Plaintiff is facing imminent danger (Court File No. 3, p. 7). Plaintiff has failed to provide any specific factual support for this claim and does not claim this alleged exposure to winter weather without his coat caused any injury. Therefore, these allegations do not satisfy the imminent danger exception set forth in § 1915(g).

Lastly, Plaintiff alleges retaliation and that he was told the "X" by his name on the inmate roster signified "to do **BODILY HARM BY ANY MEANS NECESSARY** which the defendant [McElhaney] tried to provoke plaintiff into an argument on 1/22/08 to do just that. Moreover, not counting on one occasion when defendant McElhaney stated in front of several inmates that plaintiff's use to be an informant[.]"(Court File No. 3, p. 8). Plaintiff's general allegations are not grounded in specific facts thus, they are not sufficient to demonstrate Plaintiff is in danger of imminent serious physical injury.

In sum, after examining the pleading, the Court does not find the Plaintiff's allegations of imminent danger of serious physical injury to be credible. These vague allegations of danger and

---

[1] Moreover, the Court observes that Plaintiff has filed numerous documents in an on-going lawsuit presently pending in this district. *See Davis v. McGraw*, Civil Action Number 1:07-cv-255. The documents filed in that pending case, in addition to the submissions in this lawsuit, tend to discredit Plaintiff's claim that he is being denied access to Court and the inmate grievance system.

3

unspecified references to injury are insufficient to allow Plaintiff to proceed *in forma pauperis* pursuant to the imminent danger exception. Plaintiff's allegations, even if true, do not entitle him to avoid the bar of § 1915(g), as they do not suggest that he is under imminent danger of serious physical injury. Therefore, his motion to proceed *in forma pauperis* will be **DENIED** (Court File No. 1) and this action will be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g) (Court File No. 3).

An appropriate judgment will enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**